**Frank PIATEK, in his own right and as father and next friend of Paul Piatek, a minor, Appellants**

v.

**GOVERNMENT SERVICES, INC., Appellee.**

**No. 16323.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 20, 1961.

Decided Nov. 2, 1961.

Mr. Ernest G. Reeves, Washington, D. C., with whom Messrs. James R. Sharp and John Geyer Tausig, Washington, D. C., were on the brief, for appellants.

Mr. William .H. Clarke, Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before EDGERTON, WASHINGTON and BURGER, Circuit Judges.

---

PER CURIAM.

Paul Piatek, a three-year-old boy, fell and was injured on land controlled by appellee. Appellant Frank Piatek sued in Paul's behalf as Paul's father and next friend, and also in Frank's own behalf for expenses incurred. The case turned on questions of negligence and contributory negligence. The verdict and judgment were for the defendant.

█ █ The court correctly charged the jury that if the father was contributorily negligent this would bar his suit for expenses. But the court erroneously refused appellant's request to charge that contributory negligence of the father would not bar the claim of the child. This error requires reversal of the judgment on that claim. The court's theory seems to have been that the point had been made clear in other parts of the charge, but we find that this was not the case. Other parts of the charge did not dispel the confusion.

█ The court charged that "If you find that the condition complained of by plaintiff did exist and was open and the pattern [sic] or that the adult plaintiff either knew or was aware of or in the exercise of reasonable care, should have been aware of its existence and the plaintiff nevertheless subjected himself to whatever danger that might have been involved, you should find for the defendant in this case as to the claim of the adult plaintiff, because one who with full knowledge of the material facts, voluntarily places himself in a position which he knows or should know, is hazardous, may not recover from another for injuries and damages which he may sustain by reason of the risk he then encounters. * * * *" Since the child was the only person injured, the quoted sentence might perhaps suggest to the jury that if the child "subjected himself" to a danger which his father knew about, the father, whether or not his knowledge made his conduct negligent, could not recover either in his own behalf or in behalf of the child. But appellant did not specifically object to the quoted language, and in view of what the court said elsewhere in the charge about contributory negligence of the father we think we should affirm the judgment for the defendant on the father's claim for expenses.

█ Although this appeal is expressly taken from an order denying a motion for a new trial, we may treat it as an appeal from the judgment. United States v. Ellicott, 223 U.S. 524, 539, 32 S.Ct. 334, 56 L.Ed. 535; Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 21, 136 F.2d 771, 773, 148 A.L.R. 782; Sobel v. Diatz, 88 U.S.App.D.C. 329, 189 F.2d 26; 6 Moore, Federal Practice, Para. 59.15[1].

The judgment for the defendant is reversed as to the child's claim and affirmed as to the father's claim.

Affirmed in part, reversed in part.