**UNITED STATES of America**

v.

**Alvin LUCAS, Appellant.**

**No. 73–2165.**

United States Court of Appeals, District of Columbia Circuit.

May 23, 1975.

---

**6.** Train, Administrator v. Natural Resources Defense Council Inc, —— U.S. ——, —— n.28, 95 S.Ct. 1470, 1488, 43 L.Ed.2d 731 (1975).

**7.** 42 U.S.C. §§ 4321–4335.

Timothy N. Black, Washington, D. C. (appointed by this Court), was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry and Julius A. Johnson, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and ROBINSON and MacKINNON, Circuit Judges.

Opinion for the Court filed by Chief Judge BAZELON.

BAZELON, Chief Judge.

Appellant Lucas was found guilty of distributing a controlled substance[1] in a jury trial on June 22, 1972. His trial counsel having taken ill, Lucas was represented by new counsel at the proceeding on October 10 at which he was sentenced to a term of 5–15 years. Represented by his own counsel, Lucas' co-defendant, John Butler, was sentenced to a term of 3–9 years.[2]

Both defendants appealed their convictions. After oral argument in their consolidated appeals but prior to disposition, we were informed that Butler's trial counsel was not a member of the bar of the District of Columbia. We thereupon remanded both cases "to allow the District Court to give appropriate consideration to the situation resulting from [the] improper representation of the appellant Butler."

---

1. 21 U.S.C. § 841(a)(1).

2. Butler was found guilty of possessing a controlled substance with the intent to distribute it. 21 U.S.C. § 841(a)(2).

The remand hearing was held on June 27, 1973. It was devoted entirely to matters concerning Butler's representation; no inquiry was made into the adequacy of Lucas' counsel. Finding that the fact that Butler's trial counsel was not a member of the bar had not prejudiced either defendant, the District Judge denied both defendants' motions for a new trial.

Butler and Lucas again appealed. In an opinion issued on August 30, 1974, this court remanded Butler's case for a new trial, United States v. Butler, 164 U.S.App.D.C. 151, 504 F.2d 220 (1974), finding that the representation he was given at trial failed to provide him with "the reasonably competent assistance of an attorney acting as his diligent conscientious advocate." Id. at 223, quoting United States v. DeCoster, 159 U.S.App. D.C. 326, 487 F.2d 1197, 1202 (1973).

Remaining were Lucas' appeal as well as cross motions for summary affirmance and summary reversal. On September 23, 1974 we denied these motions but concluded that the record was inadequate for deciding the merits of Lucas' claim that the representation given him had violated the standards set out in De-Coster, supra. Accordingly, we remanded the record to the District Court for supplementation.[3]

On that remand, the attorneys who represented Lucas both at trial and

at sentencing[4] testified.[5] The District Court found in pertinent part that:

"1. Defendant's counsel was inadequately prepared for trial, particularly in failing (a) to seek to contact potentially important witnesses, (b) to secure all information and documents in the possession of the law enforcement authorities which might have had a bearing on the defense of the case, and (c) to research or consider critical legal issues concerning the admissibility of important parts of both the defense and prosecution cases.

\* \* \* \* \* \*

3. Defendant was virtually without the services of counsel from and after the time of his conviction, and substitute counsel who appeared on his behalf at sentencing was inadequately prepared for that purpose.

4. Defendant was prejudiced by the foregoing shortcomings in counsel's performance, principally in that (a) at least one potentially important witness who might have had knowledge helpful to the defense was not interviewed, [and] (b) potentially important documentary evidence was not inspected by defense counsel . . . ."

Based on its findings, the District Court concluded that "defendant did not, in connection with his trial or sentencing, receive the reasonably competent assistance of an attorney acting as his diligent conscientious advocate"[6]

---

**3.** This is the same procedure that we adopted in DeCoster, supra. See 487 F.2d at 1201, 1204–05.

**4.** It is established that the constitutional right to the effective assistance of counsel extends to sentencing. United States v. Johnson, 155 U.S.App.D.C. 28, 475 F.2d 1297 (1973); Gadsden v. United States, 96 U.S.App.D.C. 162, 223 F.2d 627, 630 (1955).

**5.** Testimony at the hearing indicated that Lucas' counsel at trial neglected to interview a woman who may have been an eyewitness to a critical part of the narcotics transaction at issue. Moreover, counsel's failure to object to inadmissible hearsay testimony was apparently due to his failure to do adequate legal research on the admissibility question. Additionally, the substitute counsel who represent-

ed Lucas at sentencing never conferred with Lucas' original trial counsel about the case nor did he secure from original trial counsel the government's allocution paper that had been in his possession since the day of Lucas' conviction.

**6.** The trial court was fully justified in so concluding. Apart from announcing a general standard of effectiveness, DeCoster articulates several specific duties owed by counsel to client. Inter alia, "[c]ounsel must conduct appropriate investigations, both factual and legal, to determine what matters of defense can be developed, . . . [t]he investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities . . ., [a]nd . . . the duty to investigate also requires adequate

and that since "the Government . . failed to meet its burden of proving the absence of prejudice to defendant from the failure of defense counsel adequately to perform their duties, defendant is entitled to a new trial with the reasonably competent assistance of counsel in his behalf." Accordingly, the trial court requested that we remand the case to allow a new trial.

■ This case well demonstrates the critical need for the trial court's thorough consideration of a defendant's ineffectiveness claims.[7] In the absence of the inquiry conducted by the trial judge in this case, any attempt to resolve the ineffectiveness issue raised by Lucas

would have been nothing more than a speculative exploration into whether "rational explanations could be made for the apparent errors in the conduct of trial." United States v. DeCoster, supra, 487 F.2d at 1204. However, "neither one judge's surmise nor another's doubt can take the place of proof." *Id.* In the instant case, it was the remand hearing which enabled an informed determination to be made as to whether Lucas had been denied the effective assistance of counsel.

The trial court having announced its intention to grant a motion by Lucas for a new trial, we remand the case for such action.

---

legal research." 487 F.2d at 1204. The court's findings reflect failures by counsel in fulfilling each of these duties.

**7.** Some of the cases in which this court has remanded the record to allow further trial court exploration of the ineffectiveness issue include *DeCoster, supra*; United States v. Hurt, 72–2229 (remanded April 22, 1974); United States v. Simpson, D.C.Cir., 495 F.2d 1076 (remanded April 26, 1974). As in the instant case, these remand proceedings have on occasion led the trial judge to find that trial counsel was ineffective and that a new trial

was indeed warranted. *See, e. g.,* United States v. Simpson, *supra.*

An ineffectiveness claim should, as a normal matter, first be raised in a new trial motion before the District Court. In *DeCoster* we indicated that "when a claim of ineffective assistance is contemplated, it should first be presented to the district court in a motion for a new trial. In such proceeding, evidence dehors the record may be submitted by affidavit, and when necessary the district judge may order a hearing or otherwise allow counsel to respond." 487 F.2d at 1204–05 (footnotes omitted).