## UNITED STATES of America
### v.
### Isaac J. TINDLE, Appellant.
### No. 75–1317.

United States Court of Appeals, District of Columbia Circuit.

Order denying motion filed Oct. 3, 1975.

Nov. 10, 1975.

---

Earl J. Silbert, U. S. Atty., John A. Terry and Joseph Guerrieri, Jr., Asst. U. S. Attys., were on the motion for appellee.

Jerome B. Libin, Washington, D. C. (appointed by this Court), was on the motion for appellant.

Before FAHY, Senior Circuit Judge, and LEVENTHAL, Circuit Judge.

PER CURIAM:

Isaac Tindle has a direct appeal from convictions for armed kidnapping, armed robbery, assault with a dangerous weapon and extortion currently pending in this Court (No. 74–1735). We are not here concerned with the merits of that appeal.[1] On October 25, 1974, the chief

1. According to the prosecution's testimony, the victim, Payton Manning, Sr., a "retired" gambler and bookmaker, was accosted on May 9, 1972, outside Evelyn's PastelRoom, near 12th & U St., N.W., by two men, Tindle, whom he didn't know and Raymond "Cadillac" Smith, with whom he was acquainted. They demanded "big" money. Tindle pulled a gun on Manning and the two forced Manning at gunpoint into a red over white Cadillac, driven by one Freddie Jackson, bearing D.C. tags, FEFE. They drove to Manning's house where Smith accompanied him upstairs (Tindle remained below) and took $4500 from his bedroom and demanded that he produce $5000 more the next day. The two left and were

judge granted Tindle's unopposed motion to postpone filing his brief, until 21 days after the District Court ruled on a *De-Coster* motion for a new trial he contemplated making.[2] That motion was filed in December 1974, and denied without a hearing by the District Court on January 8, 1975. A motion to reconsider was denied on January 24, 1975.[3] On March 14, 1975, appellant filed a notice of appeal. It is the government's motion to dismiss this second appeal ( # 75–1317) as untimely that is now before us.

■ It should be noted that in this court, by order of the chief judge dated April 2, 1975, the two appeals were consolidated,[4] and by the clerk's order dated April 17, 1975, the court granted appel-

lee's motion to hold the direct appeal No. 74–1735 in abeyance pending resolution of its motion to dismiss in No. 75–1317.

### I.

■ The government's motion to dismiss argues that this appeal must be dismissed because Rule 4(b) of the Federal Rules of Appellate Procedure requires notice of appeal in a criminal case "within 10 days after the entry of the judgment or order appealed from." As this requirement is jurisdictional, failure to comply with the deadline imposed by Rule 4(b) mandates dismissal.[5]

Appellant opposed dismissal by characterizing this appeal as one from an order

---

arrested a short time later at the home of Smith's girlfriend "Fefe." Smith, Tindle and Jackson were indicted on May 30, 1972. Jackson's case was severed, he pled guilty to a robbery count and received a 3 to 9 year sentence. Smith and Tindle went to trial on November 20, 1972. The first day of trial featured strong direct testimony of Manning, corroborated by his son (at the house) and one Gladys Irby, a patron of Evelyn's. Tindle failed to appear for the second day. Smith was found guilty on all counts, sentenced to an effective term of 6–18 years, and his convictions were affirmed by this court on March 15, 1974 without opinion.

Tindle was finally recaptured. After some delay, occasioned by the need to ascertain his competence and the replacement of his original counsel, Mr. Lowy by Mr. Cope, the matter finally came on for retrial on May 28, 1974. By the time of retrial, Manning, Sr.'s heart condition precluded him from testifying and Mrs. Irby had disappeared. Their testimony in the Smith trial was read to the jury. Tindle was found guilty on all counts, and later sentenced to an effective term of 20 months—5 years consecutive to a sentence of 5–15 years.

2. *See United States v. DeCoster*, 159 U.S.App. D.C. 326, 333–34, 487 F.2d 1197, 1204–05 (1973). Mr. Lowy, Tindle's first counsel, represented Tindle through the aborted first trial, but withdrew in January, 1974 in the face of Tindle's continued hostility. As early as February, 1974, Tindle sought dismissal of his second counsel, Mr. Cope.

Appellate counsel, Jerome Libin (appointed by this court on July 19, 1974) first alluded to a *DeCoster* issue in September, in seeking an extension of time to file his brief. The brief in the direct appeal, filed February 28, 1975,

presents an ineffective assistance of counsel claim.

3. Appellant's motion for new trial was premised upon the contention that Attorney Cope's refusal to interview the seven witnesses he suggested was a *prima facie* violation of the reasonable investigation requirement of *DeCoster*. He also argued that counsel's failure to interview Manning and Irby between trials was a violation of his Sixth Amendment rights. Judge Corcoran's denial set forth that appellant had made no showing of any attempt to contact these allegedly crucial witnesses, nor any showing that their testimony if offered could possibly change the result. *See United States v. Anderson*, 165 U.S.App. D.C. 390, 404–06, 509 F.2d 312, 326–28 and n. 105 (1974), *cert. denied*, 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 672 (1975). In his motion for reconsideration, appellant denied that he had such a burden of persuasion, but attempted to meet it by submitting a number of affidavits from some of these alleged witnesses. Reconsideration was denied by order without elaboration.

4. In *DeCoster*, the court expressed the expectation that in the future post-trial ineffective assistance motions for a new trial when denied and appealed would be consolidated with the appeal from the conviction. *See DeCoster*, 159 U.S.App.D.C. at 334, 487 F.2d at 1205. The consolidation of these cases probably was effected to conform to this expectation expressed in *DeCoster*. Consolidation does not of course preclude dismissal if one of the cases was not appealed in timely fashion.

5. *See United States v. Robinson*, 361 U.S. 220, 224 and n.4, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). Rule 26(b) of the Federal Rules of Appellate

filed pursuant to 28 U.S.C. § 2255,[6] that is governed by Rule 4(a), which provides for notice of appeal in civil cases within 60 days of the adverse action, when the United States is a party.

## II.

*DeCoster* contemplates that when counsel (usually appellate counsel) discovers an ineffective assistance of counsel issue during the pendency of a direct appeal, the proper procedure is for counsel to raise that issue by a motion for a new trial in the District Court.[7] The problem is that often, as in this case, the *DeCoster* issue is not discerned until long after the time limit of Rule 33 (Federal Rules of Criminal Procedure) has expired.[8] This means that the ineffective assistance argument can then be placed before the District Court only through a § 2255 motion. However, entertainment by the District Court of a § 2255 motion during the pendency of a direct appeal from the same conviction violates the

Procedure precludes enlargement of the time for filing a notice of appeal.

6. The genesis of this argument is the ruling by Judge Corcoran that since the motion for a new trial although made under Rule 33 was untimely as such, he could consider it, if at all, only as a § 2255 motion. He did consider it as such and rejected it.

7. In section V of *DeCoster* the contemplated procedure is explicated:

"Much of the evidence of counsel's ineffectiveness is frequently not reflected in the trial record (e. g., a failure to investigate the case, or to interview the defendant or a witness before trial). As a result, ineffectiveness cases have often evolved into tests of whether appellate judges can hypothesize a rational explanation for the apparent errors in the conduct of trial. But neither one judge's surmise nor another's doubt can take the place of proof. Thus, when a claim of ineffective assistance is contemplated, it should first be presented to the district court in a motion for a new trial. In such proceeding, evidence *dehors* the record may be submitted by affidavit, and when necessary the district judge may order a hearing or otherwise allow counsel to respond. If the trial court is willing to grant the motion, this court will remand. If the motion is denied, the appeal therefrom will be consolidated with the appeal from the conviction and sentence. The record of any hearing held on the motion, and any documents submitted below, will become part of the record on appeal." See 159 U.S.App.D.C. at 333–34, 487 F.2d at 1204–05. (footnotes eliminated)

8. Rule 33 provides:

The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment.

A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

Most new trial motions in reliance on *DeCoster* are not classifiable as motions based on newly discovered evidence. This case, for example, has not been so classified. When on June 20, 1974 Tindle filed a *pro se* petition for a writ of *coram nobis* citing his dissatisfaction with his trial counsel (appellate counsel not having yet been appointed), he relied upon Rule 33. Judge Corcoran, however, treated the motion as having been filed under § 2255, since the 7 day period contemplated by Rule 33 had long since expired, and denied the motion without prejudice by reference to the *Womack* rule (*see* note 10 *infra*). When counsel filed the instant *DeCoster* motion in December, Judge Corcoran again treated it as a § 2255 motion, this time ignoring the *Womack* rule (perhaps in deference to *DeCoster*) and denying it on its merits. If any sentiment exists for treating a *DeCoster* motion for a new trial as one based on newly discovered evidence (thus invoking the longer period of limitation in Rule 33 for such motions), it has not been expressed in this case. *But see United States v. Brown*, 155 U.S.App.D.C. 177, 179 n.11, 476 F.2d 933, 935, n.11 (1973); *Marshall v. United States*, 141 U.S.App.D.C. 1, 5 n.11, 436 F.2d 155, 159 n.11 (1970). The teaching of *Brown* is that an ineffective assistance motion may be regarded as one based on newly discovered evidence (thus giving counsel two years to file it). The teaching of *Marshall* is that the "due diligence" standard governing disposition and timeliness of new trial motions does not govern where the alleged dereliction was of constitutional dimensions.

general *Womack* rule of judicial administration.[9]

 In order to give effect to the salutary procedure instituted by this Court in *DeCoster* we feel an appropriate adaptation of the *Womack* rule is in order. Consequently, we hold that filing of a *DeCoster* motion for a new trial constitutes the "special circumstances" set forth in *Womack* as permitting consideration of a § 2255 motion in District Court during the pendency of a direct appeal.[10] We also approve of the course taken by the District Court in this case, of considering technically untimely new trial motions,[11] by entertaining them as motions under 28 U.S.C. § 2255. Upon denial, the time within which notice of appeal may be filed is governed by Rule 4(a). Under this analysis, the notice of appeal in No. 75–1317 was timely filed.[12] Appellee's motion to dismiss is denied.

*So ordered.*

---

**9.** In *Womack v. United States*, 129 U.S.App. D.C. 407, 408, 395 F.2d 630, 631 (1968), the court enunciated the following general rule (citations omitted):

"We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion *absent extraordinary circumstances.* A motion under Section 2255 is an extraordinary remedy and not a substitute for a direct appeal. Moreover, determination of the direct appeal may render collateral attack unnecessary." (footnotes omitted, emphasis supplied)

**10.** This is also the fairest solution in the context of this case where appellant counsel raised the issue with reasonable diligence, following the procedure outlined by this Court in *DeCoster*. *Womack* is a rule of administrative convenience which should not be uncompromisingly applied to effect an unfair result.

**11.** See Rule 33, Federal Rules of Criminal Procedure, *supra* note 9.

**12.** This notice of appeal filed on March 14, 1975, was filed within sixty days of the denial of reconsideration (on January 24). This is within the period provided for Rule 4(a). In our view a timely petition for reconsideration, being in the nature of a motion under Civil Rule 59(e), extends the time for appealing the denial of a pleading in the nature of an application under 28 U.S.C. § 2255. That is the rule which governs civil judgments generally. *See* 9 *Moore's Federal Practice* ¶ 204.12(1) at 951; *Gager v. "Bob Seidel"*, 112 U.S.App.D.C. 135, 137–38, 300 F.2d 727, 729–30, *cert. denied*, 370 U.S. 959, 82 S.Ct. 1612, 8 L.Ed.2d 825 (1962); *compare United States v. Ellicott*, 223 U.S. 524, 539, 32 S.Ct. 334, 56 L.Ed. 535 (1912); *Piatek v. Government Services Inc.*, 111 U.S.App.D.C. 308, 309, 296 F.2d 430, 431 (1961); *Sobel v. Diatz*, 88 U.S.App.D.C. 329, 330, 189 F.2d 26, 27 (1951). Motions under § 2255 are governed by the rules for civil cases, *see United States v. Hayman*, 342 U.S. 205, 209 n.4, 72 S.Ct. 263, 96 L.Ed. 232 (1952), including the rule that calculates time for appeal from the denial of reconsideration of an initial denial of the motion. *Munich v. United States*, 330 F.2d 774, 775 (9th Cir. 1964).

The application of that rule serves to maximize consideration by the trial court. It is not inapplicable merely because the situation has a mixed character and for convenience the application to the district court is cast, under *DeCoster*, as a motion for new trial.