**UNITED STATES of America,**
**Appellant,**

v.

**Allen WELL, Appellee.**

**No. 77–1976.**

United States Court of Appeals,
Ninth Circuit.

April 12, 1978.

James P. Gray, Asst. U. S. Atty., (argued), Los Angeles, Cal., for appellant.

Ronald A. Ginsburg (argued), Albuquerque, N. M., for appellee.

Before GOODWIN, WALLACE, and HUG, Circuit Judges.

PER CURIAM:

In this case the government challenges sanctions imposed under the Jencks Act, 18 U.S.C. § 3500.

In January of 1977 Allen Well was tried on charges of aiding and abetting mail fraud in violation of 18 U.S.C. § 1341. Three of the principals involved in the mail fraud scheme testified against Well. Two of these witnesses had entered into plea bargains with the government before trial. The third had been convicted but had not been sentenced before the defendant's trial.

During the government's rebuttal case against the defendant, the court discovered that all of the government's key witnesses had been interviewed before the trial by a postal agent who had tape-recorded those interviews. Although the defendant had requested Jencks Act materials, the existence of the tape recordings was apparently unknown to the prosecutor. No tapes were turned over to the defense after the witnesses testified, as required by the Jencks Act. The court declared a mistrial on its own motion pursuant to 18 U.S.C. § 3500(d).

The postal agent revealed that he had recorded six or seven conversations with the three principal government witnesses between June and September of 1976 and that all of the conversations concerned Well's role in the mail fraud. After summarizing these conversations in case memoranda, the agent reused the cassettes for other routine matters and thereby erased their contents.

Anticipating a retrial, the defendant moved to suppress the testimony of all witnesses whose interviews had been tape-recorded, on the grounds that the tapes were not available for impeachment purposes. The court granted this motion. The government appeals. We affirm.

 The government concedes that the tape recordings constituted statements producible under the Jencks Act, 18 U.S.C. § 3500(e)(2). The government also concedes that it failed to produce those statements. The government contends, however, that the trial judge erred in imposing sanctions under the Jencks Act where the defendant failed to show that he was materially prejudiced by the government's nondisclosure. The government suggests that the defendant must be able to point to discrepancies between the witnesses' testimony at trial and the witnesses' pretrial statements.

The Jencks Act does not require the defendant to show prejudice. The Act provides that after a government witness testifies at trial the government must produce, on request, any previously made statements by that witness which relate to the witness's testimony on direct examination. 18 U.S.C. § 3500(b). If the government fails to produce such statements, the court is required to strike the testimony of the witness. 18 U.S.C. § 3500(d). As the Supreme Court noted in its comprehensive discussion of the Jencks Act in *Palermo v. United States*, 360 U.S. 343, 353 n.10, 79 S.Ct. 1217, 1225, 3 L.Ed.2d 1287 (1959), "the statute does not provide that inconsistency between the statement and the witness' testimony is to be a relevant consideration" in determining which statements must be produced.

The government is correct in its assertion that this court has consistently applied the harmless error rule in cases in which the court found that the trial judge failed to impose sanctions required by the Jencks Act. *See, e. g., United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976); *United States v. Carrasco*, 537 F.2d 372, 377 (9th Cir. 1976). It is also true, as the government suggests, that this court reviewed the records in those cases in order to determine if the failure to comply with the Jencks Act resulted in prejudice to the defendant. However, the government fails to notice that in both of those cases the trial judge's failure to impose sanctions under the Jencks Act is considered to be error.

In *United States v. Carrasco, supra*, the court held that the Jencks Act was violated where a government agent obtained a witness's written statement and then destroyed the document after summarizing it in a report, even if the agent acted in good faith. The court in *Carrasco* held that sanctions are to be imposed under the Jencks Act if a producible statement has been destroyed and the information in the destroyed statement is not otherwise available. 537 F.2d at 376–77 n.2. In discussing the unavailability of the statement in *Carrasco*, the court noted that it would be difficult, if not impossible, to reconstruct the contents of a document (or tape) using

the very witnesses whose testimony the defendant seeks to impeach.

In this case, the trial court correctly interpreted the Jencks Act and the *Carrasco* case as requiring the imposition of sanctions against the government. Since the Jencks Act would require the court at the defendant's retrial to strike the testimony of the government witnesses whose statements were not produced, there would be no point in allowing those witnesses to testify at all. Therefore, the court's order suppressing the testimony of those witnesses was an appropriate sanction.

Affirmed.