**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Miguel LARA–HERNANDEZ,
Defendant-Appellant.**

No. 78–1559.

United States Court of Appeals,
Ninth Circuit.

Dec. 19, 1978.

Before BROWNING and KENNEDY, Circuit Judges, and DUMBAULD *, District Judge.

PER CURIAM:

Appellant was convicted of conspiracy to distribute heroin in violation of 21 U.S.C. § 846, and of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). He contends that he was denied his Sixth Amendment right of confrontation as well as his right to effective assistance of counsel also guaranteed by the Sixth Amendment.

The key prosecution witness was Vincent Villareal, an informant for the Drug Enforcement Administration, who testified that appellant and another man sold him heroin. Villareal attempted suicide after the sale, but before the trial. The prosecution moved for an order barring the defense from cross-examining Villareal about the attempted suicide, on the ground that the incident was irrelevant to the defense and its disclosure would be highly prejudicial to the government's case. Defense counsel's sole argument in opposition to the motions was that the attempted suicide evidenced Villareal's guilt about bringing unfounded charges against appellant.

After questioning Villareal, the trial judge concluded that the attempted suicide was motivated solely by family problems, and hence not by guilt arising from his accusation against appellant. Accordingly, the judge ruled that the attempted suicide was irrelevant, and forbade the defense from questioning the informant on the subject.

In this court appellant has not argued that the suicide attempt was relevant because motivated by guilt feelings. Instead, he advances two new theories of relevance, both of which were brought to the attention of the trial judge for the first time in

Anthony P. Capozzi, Asst. U. S. Atty., Fresno, Cal., Joan L. McIntosh, Asst. U. S. Atty., Fresno, Cal., for defendant-appellant.

Mary Elizabeth Alden, Asst. Federal Defender, Fresno, Cal., for plaintiff-appellee.

* Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

post-trial motions.[1] These new arguments come much too late.

■■■ Rule 51, Fed.R.Crim.P., requires a party to make known to the court *"at the time the ruling or order is made or sought, . . . the action which he desires the court to take or his objection to the action of the court and the grounds therefor."* (Emphasis added.) Absent plain error, a conviction will not be reversed on evidentiary grounds not revealed to the trial court at the time of the assertedly erroneous ruling, even though the omitted argument is eventually made at some later stage of the trial. *See Marshall v. United States,* 409 F.2d 925, 927 (9th Cir. 1969); McCormick on Evidence, § 52; *see also* Fed.R.Evid. 103; Fed. R.Crim.P. 52(b). The presentation of additional evidentiary theories for the first time after the jury has returned its verdict does not comport with the salutary purpose of the timeliness requirement—to allow the trial judge to make an informed ruling based on the issues as framed by the parties *before* the evidence is either introduced or excluded from the pertinent stage of the trial. *See United States v. Markham,* 440 F.2d 1119, 1123 (9th Cir. 1971); *United States v. Johnson,* 421 F.2d 1342, 1343 (9th Cir. 1970).

■■ Since the Sixth Amendment confrontation clause does not give a defendant a right to unlimited cross-examination, *United States v. Marshall,* 526 F.2d 1349, 1361 (9th Cir. 1975), absent plain error an appellate court will not consider a theory of relevancy in support of a proposed line of cross-examination not presented at the time the motion to restrict the cross-examination is before the trial judge. *United States v. Garcia,* 531 F.2d 1303, 1306–07 (5th Cir. 1976); *United States v. Berzinski,* 529 F.2d

590, 594 (8th Cir. 1976). The limitation on cross-examination did not preclude appellant from discovering the additional grounds of relevancy until too late. On voir dire, appellant's counsel was afforded the opportunity to probe freely into the circumstances surrounding the attempted suicide. (*Compare United States v. Callahan,* 551 F.2d 733, 738 (6th Cir. 1977).)

It follows that unless the limitation of cross-examination was plain error, appellant's failure to inform the trial judge of the new evidentiary theories until the trial was completed bars reliance upon these theories on appeal.

The plain error rule should be applied only in exceptional circumstances "involving seriously prejudicial deficiencies in the trial process." *Reisman v. United States,* 409 F.2d 789, 791 (9th Cir. 1969).

■■ The prohibition against inquiry about the witness's attempted suicide was the only limitation placed upon cross-examination. Appellant's counsel was allowed to question the witness freely concerning the relationship between the felony charges pending against the witness and his motivation for working as an informer for the Drug Enforcement Administration. On the whole, appellant's ability to confront Villareal was not so significantly impaired by the limitation on cross-examination as to render the court's ruling plain error under Rule 52(b).

Appellant contends he was deprived of his Sixth Amendment right to effective assistance of counsel. Appellant raised this claim for the first time in a motion for reconsideration of a denial of a motion for a new trial. The trial judge summarily denied the motion for reconsideration, apparently on the ground that both the initial

---

1. Appellant argues that the suicide attempt was indicative of Villareal's unstable mental state and was for this reason relevant to impeach the informant's credibility. In addition, he contends there were two distinct suicide attempts, one of which involved an intentional overdose of heroin; and that the attempt involving heroin is relevant as directly contradicting Villareal's testimony that he had last used heroin prior to the time appellant sold heroin to him, and had used heroin only once since becoming an informant for the Drug Enforcement Administration.

The argument that Villareal's suicide attempt reflected his unstable mental state was made for the first time on a motion for new trial. The assertion that there was a second suicide attempt, which involved the use of heroin, was made for the first time on a motion to reconsider the denial of the motion for new trial.

motion for retrial and the motion for reconsideration were untimely under Rule 33, Fed.R.Crim.P.

Rule 33, Fed.R.Crim.P. requires that all motions for a new trial not based on newly discovered evidence be brought within seven days of the verdict: this time limit is jurisdictional. *Marion v. United States,* 171 F.2d 185, 186 (9th Cir. 1948). Appellant's motion was filed more than three months after conviction. It was properly denied as untimely.

We are persuaded by the opinion in *United States v. Ellison,* 557 F.2d 128, 132–34 (7th Cir. 1977), that we are not at liberty to disregard the explicit directive of Rule 33 and exempt from the 7-day limitation claims of ineffective assistance of counsel based upon facts known to the accused at the time of trial. *See United States v. Shelton,* 459 F.2d 1005, 1006 n.2 (9th Cir. 1972). *Cf. United States v. Tindle,* 173 U.S. App.D.C. 77, 80–81, 522 F.2d 689, 692–93 (1975) (proper remedy is collateral attack under 28 U.S.C. § 2255 despite pendency of direct appeal). *But see United States v. Lucas,* 168 U.S.App.D.C. 251, 513 F.2d 509 (1975); *United States v. Brown,* 155 U.S. App.D.C. 177, 179, 476 F.2d 933, 935 n.11 (1973) ("Where evidence of the ineffectiveness of trial counsel is brought to the attention of the court for the first time in support of the motion [for new trial], that evidence is 'newly discovered' for the purpose of Rule 33.") (dictum); *United States v. Thompson,* 154 U.S.App.D.C. 347, 475 F.2d 931 (1973).

Nor can we decide the merits of appellant's ineffective assistance claim on this appeal. The claim rests principally on factual allegations outside the trial record, not passed on by the district court. Appellant has an adequate remedy under 28 U.S.C. § 2255.

Affirmed.