**UNITED STATES of America, Plaintiff,**

v.

**Tony REYES, aka J. Jesus Serafin Reyes-Figueroa, Defendant.**

**No. CR 79–217 PHX CLH.**

United States District Court, D. Arizona.

March 16, 1981.

Truman R. Young, Jr., Asst. U. S. Atty., Phoenix, Ariz., for plaintiff.

Peter A. Guerrero, Phoenix, Ariz., for defendant.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

The defendant Tony Reyes, aka J. Jesus Serafin Reyes-Figueroa, brought this motion for a new trial following a conviction by jury on October 31, 1980 for seven counts of transporting illegal aliens and conspiracy to transport illegal aliens. The motion was filed November 7, 1980. A supplement to the motion was filed January 22, 1980. At hearing Reyes made the following arguments upon which his motion for new trial was based:

1. He is entitled to a new trial because the testimony of Emma DeCampos was introduced at trial, after which the government could not produce a prior statement made by her on tape, which was a violation of the Jencks Act, and the interests of justice require that a new trial be granted to correct the error.

2. It was error to admit into evidence the videotape depositions made of the alien witnesses without an adequate showing by the government that the witnesses were unavailable for trial in the constitutional sense.

3. New evidence had been found justifying a new trial.

4. Defendant was ineffectively assisted by counsel at trial, caused by irregularities in the proceedings for which the prosecution was at fault.

Of these asserted grounds, only the first two merit discussion. The evidence asserted as "new" does not meet the required standard. *United States v. Krasny*, 607 F.2d 840, 843 (9th Cir. 1979). The ineffective assistance of counsel claim is not only meritless, as this Court found the defendant intelligently and vigorously represented at trial, but it is untimely asserted under Fed. R.Cr.P. 33.

DISCUSSION

### A. The Unavailability of the Alien Witnesses

Mr. Reyes alleges that the deposition testimony was improperly admitted at trial because the government had not used reasonable means to procure the witnesses, and because he was denied his Sixth Amendment right of confrontation. His claims arise because the aliens he allegedly transported were allowed to voluntarily return to Mexico after their videotape depositions were taken. The efforts made to bring them to testify at Mr. Reyes' trial consisted of sending a registered letter to the last known address for all six witnesses in Mexico twelve days before the trial. Besides the letters, government efforts to locate these specific witnesses included possibly making a telephone call to the Mexican Consulate, though a call was never substantiated by any trial witness.

However, this court has no jurisdiction to resolve this question, because the Sixth Amendment ground was not asserted by the defendant in his motion for new trial submitted within seven days of the verdict as required by Fed.R.Cr.P. 33. *United States v. Lara-Hernandez*, 588 F.2d 272 (9th Cir. 1978). And though Mr. Reyes tried to meet this requirement with his supplement to the motion for new trial, the Rule's time limitation is mandatory. Id. For this reason, the confrontation claim cannot relate back to the filing of defendant's original motion for new trial, *United States v. Stirone*, 168 F.Supp. 490 (W.D.Pa.1957).

### B. Testimony of Emma DeCampos

One of the government's witnesses who testified at trial was Emma DeCampos. She testified to Mr. Reyes' involvement in the transporting of illegal aliens from the vantage point of an alleged co-conspirator, pursuant to a plea agreement with the government. Her husband, Artemio DeCampos, also testified under a similar agreement.

After direct examination of Mrs. DeCampos, the defense requested production of her previous statement, made in a taped interview, pursuant to the Jencks Act, 18 U.S.C. § 3500. The government stated that the tape of the interview with Mrs. DeCampos had been lost, and the actual statement could not be given to the defense, since a complete transcript had never been made. At this point, this court gave the defense a choice of striking Mrs. DeCampos' testimony, or of having the proceeding declared a mistrial. The defense asked the testimony be stricken, and the trial proceeded.

The Jencks Act provides in relevant part:

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

(d) If the United States elects not to comply with an order of the court under paragraph (b) . . . to deliver to the defendant any such statement, or such portion thereof as the court may direct, the court shall strike from the record the testimony of the witness, and the trial shall proceed unless *the court in its discretion shall determine that the interests of justice require that a mistrial be declared.* (emphasis supplied).

18 U.S.C. § 3500.

The statute places the responsibility upon the court, not the defendant, to deter-

mine if fairness notions have been offended to the extent that a mistrial is warranted. 18 U.S.C. § 3500(d). This responsibility was impermissibly shifted by this court to the defendant's attorney by requiring him to choose between striking Mrs. DeCampos' testimony or receiving a mistrial.

■ The object of a motion for a new trial is both to give the trial court the chance to correct errors in the proceedings if any, and to preserve such errors for appeal. 66 C.J.S. *New Trial* § 1(b) (1950).

> Rulings of the court in the conduct of the trial on matters resting in its discretion are not ground for a new trial, unless substantial injustice is shown to have resulted therefrom. There may not have been such an abuse of discretion as to require a new trial; but, where the court is properly of the opinion that it exercised its discretion unwisely, it may grant a new trial; and if the court is convinced that it committed error, the mere fact that its erroneous rulings are not specifically labelled, in the motion for new trial, as an abuse of discretion does not take away from it the right and duty to grant a new trial.

66 C.J.S. *New Trial* § 38 (1950).

■ In this case, the defense was improperly required to determine whether the interests of justice required that a mistrial be declared and substantial injustice has been shown to have resulted. Though failure of the government to comply with the Jencks Act, 18 U.S.C. § 3500, does not per se require a new trial, such failure calls for strict scrutiny and a strict application of the harmless error doctrine. *Goldberg v. United States*, 425 U.S. 94, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1967); *United States v. Knowles*, 594 F.2d 753 (9th Cir. 1979). *But cf. United States v. Carrasco*, 537 F.2d 372 (9th Cir. 1976). (In order to find that the government's violation of the Jencks Act is harmless error, there is no requirement that it be harmless beyond a reasonable doubt, since the Jencks Act is not constitutionally required.)

The Ninth Circuit has identified constitutional error in admission of evidence as " 'harmless' only if it can be said that there is no reasonable possibility that illegally admitted evidence did not overcome in the mind of the dullest juror a doubt which that mind might have conceived to be reasonable." *Dean v. Hocker*, 409 F.2d 319 at 321 (9th Cir. 1969). *See also United States v. Cleveland*, 507 F.2d 731 at 741 (7th Cir. 1947). ("In the context of the Jencks Act, the failure, upon proper motion, to tender to the defense material which relates to the witness' direct testimony is harmless beyond a reasonable doubt only if it can be said that it is perfectly clear that the defendant has not been prejudiced by the error.")

■ In fixing the degree of prejudice due to receipt of inadmissible evidence, the probative force of such evidence must be compared with that of the admissible evidence which supports the verdict. *United States v. Johnson*, 618 F.2d 60 (9th Cir. 1980). And though striking evidence erroneously admitted ordinarily cures error, there may be instances where such a strong impression has been made on the minds of the jury by illegal and improper testimony that its subsequent withdrawal will not remove the effect caused by its admission. *Throckmorton v. Holt*, 180 U.S. 552, 567, 21 S.Ct. 474, 480, 45 L.Ed. 663 (1901). This is one of those instances.

■ Mrs. DeCampos was a very strong, convincing witness for the prosecution, much stronger than her husband. His testimony was weak in many areas, certainly not strong enough to enable one to say that the defendant's guilt of the charge was established beyond a reasonable doubt by competent testimony other than that as given by Mrs. DeCampos. *Lewis v. United States*, 340 F.2d 678 at 684 (8th Cir. 1965).

■ The government urges that the penalty section of the Jencks Act, § 3500(d), should be applied only when the government "elects" not to comply with the Act, meaning upon a choice or refusal to comply though compliance is possible. This court was convinced at trial that the tape of Mrs. DeCampos' interview was not lost or de-

stroyed willfully by the government. However, the government's interpretation of the statute has not been adopted by the Ninth Circuit: A trial judge's failure to impose sanctions upon the government for noncompliance with the Jencks Act, whether intentional or not, has been found error. In other words, when a statement is not furnished by the government for whatever reason pursuant to a Jencks Act request from the defense, the provisions of § 3500(d) come into operation. *United States v. Well,* 572 F.2d 1383 (9th Cir. 1978); *United States v. Harris,* 543 F.2d 1247 (9th Cir. 1976); *United States v. Carrasco,* 537 F.2d 372 (9th Cir. 1976).

Accordingly, it is the decision of this Court that the interests of justice require that Mr. Reyes be given a new trial.

IT IS ORDERED:

1. Granting the defendant's motion for new trial.

2. Setting this case for trial on Tuesday, May 12, 1981, at 9:00 o'clock a. m.