919 F.2d 143
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Herbert C. HOLDING, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 90-1469, 90-1470.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 29, 1990.*
Decided Dec. 3, 1990.
 
 Before CUMMINGS, POSNER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Herbert C. Holding pled guilty to one count of perjury and one count of unlawful importation of marijuana, and was sentenced to four years in prison followed by a two-year special parole term. He moved for a reduction of his sentence under Fed.R.Crim.P. 35(b), but the district court denied the motion. He presented no other direct challenge to his sentence.
 
 
 2
 Holding subsequently filed two motions to vacate his sentence under 28 U.S.C. Sec. 2255. Both motions alleged various constitutional violations arising out of his plea agreement. The district court denied the first motion on the merits and summarily dismissed the second one as successive. This consolidated appeal followed. For the reasons set forth below, we affirm the appeal in No. 90-1470, and dismiss the appeal in No. 90-1469.
 
 
 3
 Appellate Jurisdiction in Appeal No. 90-1469
 
 
 4
 The first issue to be resolved is whether this Court has jurisdiction to consider either of these appeals. The appeal in No. 90-1469 concerns Holding's first Sec. 2255 motion, which he filed with the assistance of counsel. He alleged that the district court's failure to hold an evidentiary hearing on the issue of a breach of the plea agreement at sentencing constituted a denial of due process. The district court determined that Holding freely entered into the plea agreement and did not ask for a hearing. The district court accordingly denied relief in an order entered on August 14, 1989. On August 24, 1989, counsel for Holding filed a "Motion to File Notice of Appeal" from this denial based on excusable neglect. Counsel mistakenly believed that the ten-day time period in Fed.R.App.P. 4(b) for criminal appeals applied to Sec. 2255 motions, and that this time period had expired. In fact, counsel had sixty days, or until October 14, 1989, to appeal from the August 14, 1989 denial of Holding's Sec. 2255 motion. See United States v. Craig, 907 F.2d 653, 656-57 (7th Cir.1990) (the time limits for civil appeals apply to a Sec. 2255 motion; where the government is a party, the sixty-day period governs the filing of an appeal). Notwithstanding this mistake, the district court, in an order entered on August 29, 1989, denied the "Motion to File Notice of Appeal," which it construed as a motion to extend the time to appeal. No appeal was taken from either the August 14, 1989 denial of the Sec. 2255 motion or the August 29, 1989 denial of the motion for an extension of the appeal period.
 
 
 5
 The appeal in No. 90-1470 concerns Holding's second Sec. 2255 motion, which he filed pro se. He alleged in the motion that his sentencing violated due process and the prohibition against double jeopardy, that the government breached the plea agreement, and that his counsel gave erroneous advice about the legality of the government's conduct in regard to the plea agreement. The district court summarily dismissed the motion as successive, pursuant to Rules 4(b) and 9(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, in an order entered on February 5, 1990. Holding appealed this dismissal on February 26, 1990.
 
 
 6
 Following its disposition of the second Sec. 2255 motion, the district court entered a second order on February 5, 1990, in which it sought to remedy the mistake made some five months earlier regarding the appropriate appeal period for Sec. 2255 motions. Acting on its own motion, pursuant to Fed.R.Civ.P. 60(b)(1), the district court vacated its August 29, 1989 denial of Holding's motion for an extension of time, and directed the appeal to proceed.
 
 
 7
 Fed.R.App.P. 4(a)(1) requires that a notice of appeal be filed within sixty days of the entry of a final order where the United States is a party. A court of appeals may not enlarge this time period. Fed.R.App.P. 26(b). The timely filing of a notice of appeal is mandatory and jurisdictional. Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 364 (1979). The fact that two cases are consolidated on appeal does not prevent the dismissal of one of the cases if it is not appealed in a timely fashion. See United States v. Tindle, 522 F.2d 689, 691 n. 4 (D.C.Cir.1975).
 
 
 8
 We conclude that we have jurisdiction over the appeal in No. 90-1470, because Holding's February 26, 1990 notice of appeal clearly complied with the sixty-day provision of Rule 4(a), having been filed twenty-one days after entry of the order denying his second Sec. 2255 motion on February 5, 1990. We have no jurisdiction over the appeal in No. 90-1469, however, because Holding never noted an appeal from the August 14, 1989 denial of his first Sec. 2255 motion, as required by Fed.R.App.P. 3. The fact that the district court subsequently vacated its August 29, 1989 denial of the motion to extend the appeal period does not change this result. The district court had no authority to initiate a Rule 60(b) motion to correct the mistake over the appropriate appeal period in the absence of written notice to the parties. See Chavez v. Balesh, 704 F.2d 774, 777 (5th Cir.1983); Simer v. Rios, 661 F.2d 655, 663 n. 18 (7th Cir.1981), cert. denied, 456 U.S. 917 (1982); Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 n. 2 (2d Cir.1977), cert. denied, 434 U.S. 1014 (1978). Since neither Holding nor the government had notice of the district court's action, its February 5, 1990 order was ineffective in granting relief under Rule 60(b). Nevertheless, in the event that Holding files a third Sec. 2255 motion raising the same claims, it would serve the "ends of justice" if the district court considered them. See Sanders v. United States, 353 U.S. 1 (1963). This way Holding could obtain a merits review from us.
 
 Successive Petition in Appeal No. 90-1470
 
 9
 Turning to the appeal in No. 90-1470, the next issue to be resolved is whether the district court properly refused to consider the merits of Holding's second Sec. 2255 motion. In resolving this issue, we emphasize that "[r]es judicata does not apply in Sec. 2255 proceedings. However, the [district] court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior Sec. 2255 proceedings." Taylor v. United States, 789 F.2d 271, 272 (7th Cir.1986), cert. denied, 479 U.S. 1056 (1987). In Sanders v. United States, 353 U.S. 1 (1963), the Supreme Court set forth guidelines for a district court to follow when presented with a successive Sec. 2255 motion. Sanders held that controlling weight may be given to the district court's denial of a prior Sec. 2255 motion if: "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." 353 U.S. at 15. Rule 9(b) of the Rules Governing Section 2255 Cases in the United States District Courts substantially codifies these guidelines. Rule 9(b) permits dismissal of a successive motion if the district court "finds that it fails to allege new or different grounds for relief and the prior determination was on the merits."
 
 
 10
 We agree with the district court that Holding's second Sec. 2255 motion was successive. This motion was merely an "embellishment" upon the ground alleged in the first Sec. 2255 motion. Holding himself conceded that some of the grounds alleged in the second Sec. 2255 motion were "related and incorporated" in the first one. The district court previously decided that the first Sec. 2255 motion did not entitle Holding to federal habeas relief. Sanders accordingly requires that we affirm unless Holding shows that the "ends of justice" would be served by reconsideration of his claims. Holding does not make this showing. The summary dismissal of his second Sec. 2255 motion is therefore affirmed.
 
 
 11
 To the extent that Holding alleged in the second Sec. 2255 motion new grounds for relief, his failure to raise them in either a direct appeal or in his first Sec. 2255 motion precludes review of those grounds here. See Norris v. United States, 687 F.2d 899, 904 (7th Cir.1982). Moreover, Holding's statement in his second Sec. 2255 motion that he raised the new grounds to his lawyer, but that the lawyer "believed the issues that he used in the [first] motion were the proper issues," and that he, Holding, "finally agreed to accept the Attorneys [sic] 2255," does not establish the requisite "cause and prejudice" to excuse his procedural default. See id.; see also Liss v. United States, 915 F.2d 287 (7th Cir.1990); Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir.1989); Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir.1989); Williams v. United States, 805 F.2d 1301, 1304 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987).
 
 
 12
 AFFIRMED IN PART; DISMISSED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record