995 F.2d 235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lieu Thi TRAN, Defendant-Appellant.
 No. 91-50535.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided May 26, 1993.
 
 Before: KOZINSKI, SUHRHEINRICH,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Defendant Lieu Thi Tran ("Tran") and her co-defendant Ny This Loper were convicted by a jury of conspiracy to possess with intent to distribute opium, in violation of 21 U.S.C. § 846; possession with intent to distribute opium, in violation of 21 U.S.C. § 841(a)(1); conspiracy to import opium, in violation of 21 U.S.C. § 963; and importation of opium, in violation of 21 U.S.C. §§ 952(a), 960(a)(1). Following the verdict, Defendant Tran brought a motion for new trial on the grounds that she had been denied her right to testify and that her counsel was ineffective. The district court conducted an evidentiary hearing and later denied the motion. Tran was sentenced on August 19, 1991, and she filed a notice of appeal the following day. We AFFIRM.
 
 
 3
 The exclusive basis of defendant's appeal was the denial of her motion for a new trial. The district court lacked jurisdiction over the motion, however, because it was not based on any "newly discovered evidence," and was not filed within seven days after the verdict. See Fed.R.Crim.P. 33; United States v. Walgren, 885 F.2d 1417, 1426 (9th Cir.1989); United States v. Lara-Hernandez, 588 F.2d 272, 275 (9th Cir.1978) ("Rule 33, Fed.R.Crim.P. requires that all motions for a new trial not based on newly discovered evidence be brought within seven days of the verdict: this time limit is jurisdictional."). See generally 8A James W. Moore, MOORE'S FEDERAL PRACTICE p 33.02 (2 ED. 1993) ("THE SEVEN-DAY PERIOD IS A JURISDICTIONAL LIMIT ON THE DISTRICT COURT'S POWER TO ACT."). NOTWITHSTANDING, WE MAY TREAT THE NOTICE AS A DIRECT APPEAL BECAUSE IT WAS TIMELY FILED AFTER R SENTENCING AND ENTRY OF THE JUDGMENT AND COMMITMENT ORDER. SEE FLANAGAN V. UNITED STATES, 465 U.S. 259, 263 (1984) (IMPOSITION OF SENTENCE IS THE FINAL JUDGMENT FOR PURPOSES OF AN APPEAL IN A CRIMINAL CASE).
 
 
 4
 Defendant contends that her decision not to take the stand constituted an involuntary waiver of her right to testify because the decision was made not by her, but by her defense counsel. See United States v. Teague, 953 F.2d 1525, 1532-35 (11th Cir.), cert. denied, 113 S.Ct. 127 (1992) (en banc); accord Rock v. Arkansas, 483 U.S. 44 (1987) (noting that right to testify "has sources in several provisions of the Constitution"); Faretta v. California, 422 U.S. 806 (1975) (recognizing that Sixth Amendment includes the right of self-representation, and that a defendant's right "to conduct his own defense by calling witnesses is incomplete if he may not present himself as a witness," and that right to testify "is also a necessary corollary to the Fifth Amendment's guarantee against compelled testimony"). This claim is in turn based on Tran's assertion that her counsel failed to inform her that the decision to testify was personal, and could not be waived by counsel. Defendant's claim is thus properly raised as a Sixth Amendment claim of ineffective assistance of counsel. Teague, 953 F.2d at 1534-35.
 
 
 5
 In general, ineffective assistance of counsel claims are more properly reviewed in a habeas corpus proceeding. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992). However, such claims may be addressed on direct appeal where, as here, the record is sufficiently developed to resolve the issue. See United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991).
 
 
 6
 A defendant claiming ineffective assistance of counsel must demonstrate that counsel's performance fell below professional norms, and that counsel's deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Ineffective assistance of counsel claims are mixed questions of law and fact, subject to de novo review. Id. at 698; United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986). Factual findings are reviewed for clear error. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 7
 In finding that defendant knew that she had a right to testify, the court relied on the entire record of the trial as well as testimony presented at the evidentiary hearing. The court found that Tran observed her co-defendant testify, and had previously testified herself (at the suppression hearing). The lower court also found that there were ongoing conversations between Tran and her counsel with reference to the advisability of her testifying in the case. Given the district court's ability to observe defendant throughout the trial and trial counsel's testimony at the hearing affirming that he told Tran on several occasions that the decision to testify was hers, we find no clear error. See United States v. Sealey, 830 F.2d 1028, 1032 (9th Cir.1987) (district court's credibility determinations are entitled to great deference). Furthermore, defendant's silence at trial created a waiver of the right. See United States v. Edwards, 897 F.2d 445 (9th Cir.1990) (defendant's silence at trial establishes waiver, even if defendant is unaware of his right to testify), cert. denied, 111 S.Ct. 560 (1991).
 
 
 8
 Although we need not reach the second prong of the Strickland test, defendant has failed to demonstrate prejudice. She claims that if counsel had advised her of her right to testify, she could have impeached the testimony of co-defendant Loper. Loper's testimony, however, was favorable to Tran, and Tran has not shown how her testimony would have impeached Loper's in a way meaningful to Tran's defense.
 
 
 9
 For the foregoing reasons the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit Rule 36-3