**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gentry E. McKINNEY, Defendant–Appellant.**

No. 91–30141.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1991.

Decided Dec. 27, 1991.

**334**

George G. Walker, and Alan Dressler, San Francisco, Cal., for defendant-appellant.

James L. Sutherland, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellee.

Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Gentry McKinney was convicted on numerous counts of currency reporting violations. He moved for a new trial ten months after the verdict, on the ground of juror misconduct. The district court found that information implicating the juror's impartiality had been disclosed before the verdict was returned, and denied the motion. McKinney appeals, arguing that letters from the juror and an investigator's interview with the juror several months after judgment were "newly discovered evidence" sufficient to trigger the two-year period within which to move for a new trial under Federal Rule of Criminal Procedure 33.

We conclude that the district judge did not abuse his discretion in finding the motion untimely because the motion was based on evidence that was known to McKinney before his conviction.[1] The evidence was not discovered after the trial, meaning after the verdict was received, and therefore it is not newly discovered. For that reason, the motion for new trial should have been brought (or a continuance requested) within seven days after the verdict. As it was not, it was untimely under Rule 33 and we accordingly affirm.

I

During voir dire, the district court asked whether any venireperson was involved with a tax protest group or was biased against the IRS. None responded affirmatively. On September 22, 1989, while the jury was deliberating, the Assistant United States Attorney informed the court and defense counsel that he had just learned that a juror's husband, who had been observed outside the courtroom making anti-IRS and anti-government comments, was a member of the National Commodities Exchange (NCE), a tax protest group; that the juror's husband was on the mailing list of the Citizens Bar Association (CBA), an anti-IRS organization which had been hand-

1. The court also found that McKinney impliedly waived objection to the juror by accepting her and proceeding to verdict despite disclosure, before the verdict was received, of information implicating her impartiality. McKinney appeals this determination as well, but we need not reach this issue since the motion was in any event untimely.

ing out newsletters the court had admonished the jury to disregard; and that the couple had not filed tax returns since 1983. While this disclosure was being made, the judge indicated that the jury had reached a verdict. The court decided to receive the verdict, stating that both parties could then make any appropriate motions they had.

The jury found McKinney guilty on all counts. Judgment was entered December 26, 1989. McKinney filed a notice of appeal on January 9, 1990, which did not raise the issue of juror misconduct.[2]

On May 5, 1990, the district court received two letters from the juror. She stated in these letters that the jury took the easy and safe way out; that someone who looked like the IRS agent who testified against McKinney came to her house in 1984, investigating local citizens, and that as a juror she became fearful that he may find reason to come again; and that she felt the jurors were influenced and manipulated by the IRS against an innocent man. McKinney filed a motion for a new trial in the district court on July 9, 1990, supported by the two letters and the declaration of a private investigator, William Driver, who had interviewed the juror and her husband. The parties stipulated that the statements in Driver's declaration could be taken as the juror's testimony.

The juror testified that she had not filed tax returns since 1983, that she was aware of her husband's anti-IRS views and agreed with them, that he had banked with the NCE and an IRS agent had talked to him in 1985 about an NCE investigation, and that she had given money to the CBA to finance an anti-IRS advertisement. She further indicated that she had not responded to the court's inquiry on voir dire because it was her husband, not she, who was on the CBA mailing list; she did not hold a grudge against the IRS, but did think it acted illegally; and she did not want to divulge the fact that the couple was involved in CBA or NCE, had not filed tax returns, and had been investigated by the IRS.

## II

We review for abuse of discretion a district court's denial of a new trial motion based on newly discovered evidence. *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991). We have long held that, in general, a defendant seeking a new trial on the basis of newly discovered evidence must show that "the evidence relied on is, in fact, newly discovered, i.e., discovered after the trial." *Pitts v. United States*, 263 F.2d 808, 810 (9th Cir.), *cert. denied*, 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535 (1959).[3]

McKinney first argues that the discovery of the juror's potential bias on September 21, 1989, after the jury had completed its deliberations but before the verdict was received, makes it newly discovered "after the trial," thereby bringing the case within the two-year period for bringing the motion. He reasons that because evidence of juror misconduct discovered after the verdict has been treated as newly discovered evidence within the meaning of Rule 33, *Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), it must be similarly treated when discovered after the jury has advised the court it has reached a verdict, but before the seven-day period for bringing the motion "on any other grounds" has expired. McKinney reads the plain language of Rule 33 as requiring application of the two-year period because his motion for new trial was not made "on any other grounds" other than newly discovered evidence of juror misconduct.

The difficulty with McKinney's argument is that a trial is not over until the verdict is received and the defendant has either been acquitted or convicted. Until

---

**2.** We affirmed the convictions but remanded for resentencing in an unpublished opinion. 919 F.2d 146.

**3.** Other parts of the five-part test for prevailing on a Rule 33 motion are that the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; the evidence must be material to the issues at trial; the evidence must be neither cumulative nor merely impeaching; and the evidence must indicate that a new trial would probably result in an acquittal. *Kulczyk*, 931 F.2d at 548.

then, and until the jurors have formally assented to the verdict and been excused, the trial is not completed. Court and counsel still have an opportunity to do something about newly discovered evidence, and correspondingly, the obligation to act on it. The proceedings are still part of the trial, and no new trial is required to remedy the wrong.

McKinney suggests that the facts in *United States v. Delaney*, 732 F.2d 639 (8th Cir.1984), are similar and that we should infer from its opinion that the Eighth Circuit believed a motion for a new trial made after entry of judgment was based on "newly discovered evidence," and was thus timely, when the evidence was disclosed on the last day of testimony rather than after the trial was concluded. In *Delaney*, the defendant made a motion for mistrial immediately upon learning that the foreperson of the jury had asked a police officer about probation procedures. *Id.* at 641. The trial judge did not rule on the motion at that time, but denied it after the verdict was returned when the defendant had renewed the motion. The defendant moved for a new trial on the same grounds after entry of judgment. *Id.* at 642. The Eighth Circuit on appeal based its decision on the court's failure to grant the first motion. *Id.* at 643. Thus, *Delaney* had no occasion to comment on whether the evidence was "newly discovered," and is not authority on the issue that is before us in this case.

As we see it, Rule 33 contemplates that when the motion for new trial is not brought within seven days of the verdict, the evidence must be newly discovered. Evidence known or discovered before the trial is over is not newly discovered. *See United States v. Eldred*, 588 F.2d 746, 753 (9th Cir.1978). We hold that information about juror misconduct discovered after a verdict was reached but before it was received is not newly discovered and does not trigger the two-year period.

We must then decide whether the district court erred in failing to find that the juror's letters and the investigator's declaration, which came to light eight months later, amounted to "newly discovered evidence" such that the new trial motion made two months later was timely. The district court's conclusion that McKinney had been apprised of the information about the juror since September 21, 1989 is well supported by a comparison of the evidence adduced through the letters and declaration with the disclosure before verdict. Even to the extent there are differences in degree or nuance, nothing in the record indicates diligence on McKinney's part. *See Kulczyk*, 931 F.2d at 548; *supra* note 3.

Because we conclude that the motion for new trial, made more than seven days after verdict, was untimely when based on evidence that was known before the verdict was received and the defendant was convicted, it is unnecessary to reach the other issues McKinney raises, including whether he is entitled to a new trial on account of the juror's misconduct.

AFFIRMED.