961 F.2d 218
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell B. WARREN, Defendant-Appellant.
 No. 91-30263.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 27, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell B. Warren appeals pro se his convictions, following a jury trial, for possession of five grams or more of cocaine base in violation of 21 U.S.C. § 844(a), possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Warren contends that the district court abused its discretion by denying his Fed.R.Crim.P. 33 motion for a new trial on the grounds of newly discovered evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 "We review for abuse of discretion a district court's denial of a new trial motion based on newly discovered evidence." United States v. McKinney, 952 F.2d 333, 335 (9th Cir.), cert. denied, 111 S.Ct. 2797 (1991). "A defendant seeking a new trial on the basis of newly discovered evidence must show that 'the evidence relied on is, in fact, newly discovered, i.e., discovered after the trial.' " Id. (quoting Pitts v. United States, 263 F.2d 808, 810 (9th Cir.), cert. denied, 360 U.S. 919 (1959) (footnote omitted).
 
 Rule 33 provides in relevant part:
 
 4
 A motion for a new trial based on the ground of newly discovered evidence may be made ... within two years after final judgment.... A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.
 
 
 5
 Fed.R.Crim.P. 33. "Evidence known or discovered before trial is over is not newly discovered." McKinney, 952 F.2d at 336. A motion for new trial, based on grounds other than newly discovered evidence, which fails to comply with the seven day limit is untimely and jurisdictionally barred. Id.; United States v. Endicott, 869 F.2d 452, 457.
 
 
 6
 Here, Warren argues that the following two items constitute newly discovered evidence: (1) a newspaper article which described the motive of a shooting in which Warren was injured as racial instead of drug related; and (2) records showing that he was hospitalized as a result of the shooting during times when he allegedly participated in some controlled purchases of cocaine.[1] We disagree. Because Warren had knowledge of this evidence before he was convicted, it was not newly discovered. See McKinney, 952 F.2d at 336.
 
 
 7
 Warren also argues that, as a matter of law, the water and paper should not be included in determining the weight of the cocaine base and that this constitutes newly discovered evidence. We disagree. This legal argument does not constitute newly discovered evidence. Because none of the grounds upon which Warren based his motion for a new trial constitutes new evidence, his failure to make a motion for a new trial within the 7-day time period set forth in Fed.R.Crim.P. 33 renders his motion untimely. See Fed.R.Crim.P. 33; McKinney, 952 F.2d at 336.
 
 
 8
 Although the district court denied Warren's motion on the merits, our examination of the record shows that his motion for a new trial was untimely. Accordingly, we affirm on that basis and do not reach the merits. See United States v. Burnette, 698 F.2d 1038, 1048 (9th Cir.) (appellate court may affirm on any basis finding adequate support in the record), cert. denied, 461 U.S. 936 (1983).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This evidence was relevant only to a pretrial motion to suppress cocaine and firearm evidence. On direct appeal, we upheld the district court's denial of this suppression motion. See United States v. Darrell B. Warren, No. 90-30083 (unpublished memorandum disposition, decided October 18, 1990). The government made no reference to either the shooting or the controlled buys during their presentation of the case to the jury