983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luene Benjamin CURRY, Defendant-Appellant.
 No. 91-30367.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 11, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luene Benjamin Curry appeals pro se the district court's denial of his Fed.R.Crim.P. 33 motion for a new trial. Curry contends the district court abused its discretion by failing to grant his motion because newly discovered evidence demonstrated that his conviction was the result of prosecutorial misconduct. He also contends the district court erred by failing to grant his motion for a new trial based on arguments other than newly discovered evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "We review for abuse of discretion a district court's denial of a new trial motion based on newly discovered evidence." United States v. McKinney, 952 F.2d 333, 335 (9th Cir.1991).
 
 Rule 33 provides in relevant part:
 
 4
 A motion for new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment.... A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.
 
 
 5
 A motion for new trial, based on grounds other than newly discovered evidence, which fails to comply with the seven-day limit is untimely and jurisdictionally barred. Id.; McKinney, 952 F.2d at 336; United States v. Endicott, 869 F.2d 452, 457 (9th Cir.1989). "Evidence known or discovered before trial is over is not newly discovered." McKinney, 952 F.2d at 336.
 
 
 6
 Here, Curry raises thirteen separate arguments on appeal in support of his motion for a new trial. Arguments IV-XII all are based on allegedly newly discovered evidence. The new evidence consists of tape recordings of conversations which took place during the course of the police investigation of Curry. This evidence was "discovered" by Curry subsequent to his trial when his trial attorney forwarded to him all discovery and case preparation materials so that Curry could pursue his case pro se. Curry does not allege that this material was not in his trial counsel's possession during the trial; rather, he alleges that the government and government witnesses lied about the content of the tapes at trial and he only discovered the proof afterwards.
 
 
 7
 There is no indication that the tapes were not in fact "discovered" during trial and Curry or his counsel had simply failed to listen closely to them. Accordingly, the district court did not abuse its discretion by denying the motion for new trial because the evidence was not in fact newly discovered. See McKinney, 952 F.2d at 336.
 
 
 8
 Curry's other arguments, I-V regarding the sufficiency of the indictment, XIII regarding outrageous governmental conduct, and XIV regarding ineffective assistance of counsel, are not based on newly discovered evidence. Although the district court found these arguments unavailing based on the law of the case doctrine, our examination of the record shows that these arguments were time barred because the motion for new trial was filed more than seven days after the judgment and conviction. See Fed.R.Crim.P. 33; McKinney, 952 F.2d at 336. Accordingly, we affirm on that basis and do not reach the merits of these issues. United States v. Burnette, 698 F.2d 1038, 1048 (9th Cir.) (appellate court may affirm on any basis finding adequate support in the record), cert. denied, 461 U.S. 936 (1983).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3