983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Lloyd PAINTER, Defendant-Appellant.
 No. 91-10531.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Jan. 11, 1993.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant James Lloyd Painter appeals from the district court's denial of his motion for a new trial based on newly discovered evidence. Painter contends that the district court erred in finding that there was no newly discovered evidence, that he had not been diligent in locating the evidence, and that a new trial would probably not result in an acquittal. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 3
 On March 21, 1991, a jury convicted James Painter of possession of an unregistered, sawed-off shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. A tip from a confidential informant led to Painter's arrest. The informant told the Douglas County Sheriff's Department that John Zalewski had told him that he had two sawed-off shotguns at his residence. After determining where Zalewski lived, the sheriff's department searched the residence with the consent of Zalewski's mother and discovered a 1897 Winchester twelve-gauge sawed-off shotgun.
 
 
 4
 The department questioned Zalewski about the weapon, and he indicated that the gun belonged to a friend who was staying with him named Jason Danielson. Zalewski stated that Danielson had purchased the gun several weeks before but indicated that he did not know the circumstances surrounding the purchase. The sheriff's department later interviewed Danielson. He claimed to have purchased the gun from Painter on June 18 or 19 with Zalewski and another friend, Randy Anderson, present. The department then determined to question Zalewski about the gun again. He repeated his story that Danielson had recently purchased the gun but added that Danielson had purchased the gun from Painter. Several days later the department interviewed Randy Anderson, the other friend Danielson had indicated was present at the time he purchased the gun from Painter. Anderson corroborated Danielson's story, stating that Danielson had purchased the gun from Painter. Based on the information gathered from Zalewski, Anderson, and Danielson, Painter was indicted for possession of an unregistered, sawed-off shotgun.
 
 
 5
 On September 1, 1990, Zalewski met with Painter's sister. At that time, he signed a document that recanted his statement that Painter had sold the gun to Danielson.
 
 
 6
 On February 4, 1991, Zalewski and Anderson went to the Painter residence together. They spoke with the defendant's mother and drafted and signed another document that recanted their earlier statements that Painter had sold the gun to Danielson. They indicated that they had made the statements under the threat of prosecution by the Sheriff's Office. The Painters videotaped the statements, and the tape was admitted into evidence at trial.
 
 
 7
 On March 19, 1991, Zalewski, Anderson, and Danielson testified against Painter at trial. Again, they indicated that Painter had sold the shotgun to Danielson and explained their recantations in the Painters' presence by claiming that Painter had threatened them. Based on the testimony of the three witnesses, the jury convicted Painter.
 
 
 8
 Two months after the trial concluded, Painter filed a motion for new trial. He claimed that newly discovered evidence had been brought to light that justified a second trial on the charges. The "new evidence" consisted of testimony of three witnesses. At hearings on the motion, David Jones testified that he owned an 1897 Winchester shotgun that his son, Cody, had borrowed and never returned. David Jones identified the sawed-off shotgun, which was found at Zalewski's house, as the gun he had loaned to his son.
 
 
 9
 Cody Jones then testified that he had sold the gun and told his dad that it had been stolen. He indicated that he had offered to sell the gun to Painter but that Painter had declined. He then stated that Zalewski purchased the gun for twenty-five dollars. Cody testified that the he was sure that the gun found at Zalewski's house was the gun he had sold to Zalewski. On cross-examination, however, he had some difficulty positively identifying the weapon. John Adams also testified, corroborating Cody Jones' testimony. After the hearings, the district court denied the motion for a new trial.
 
 DISCUSSION
 
 10
 We review the denial of a motion for new trial based on newly discovered evidence for an abuse of discretion. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991); United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987); United States v. Kenny, 645 F.2d 1323, 1343 (9th Cir.), cert. denied, 452 U.S. 920, and cert. denied, 454 U.S. 828 (1981). We note that this court has indicated that the defendant bears a significant burden to show that the district court has abused its discretion. United States v. Endicott, 869 F.2d 452, 454 (9th Cir.1989); United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985).
 
 
 11
 In order to prevail on a Rule 33 motion for a new trial, the movant must satisfy a five-part test: (1) the evidence must be newly discovered; (2) the failure to discover the evidence must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be more than merely cumulative or impeaching; and (5) the evidence must indicate that a new trial would likely produce an acquittal. Kulczyk, 931 F.2d at 548; Lopez, 803 F.2d at 977; Kenny, 645 F.2d at 1343.
 
 
 12
 The district court denied Painter's motion because, in its view, he failed to meet three of the five prongs of the test. The district court concluded that the evidence was material and not merely cumulative or impeaching but held that the evidence was not newly discovered, that Painter had not been sufficiently diligent in securing it, and that the evidence would probably not result in an acquittal.
 
 I.
 
 13
 Painter contends that the testimony about Cody Jones' sale of a shotgun to Zalewski was newly discovered evidence. He argues that, while he may have known that Jones and Adams might have evidence, he did not know what that evidence might be and insists that he had no way of knowing that the shotgun he had been offered was the same shotgun that he was accused of possessing.
 
 
 14
 Recently, this court considered the question of what constitutes newly discovered evidence in the context of a motion for new trial. In United States v. McKinney, 952 F.2d 333 (9th Cir.), cert. denied, 111 S.Ct. 2797 (1991), the defense became aware of possible juror bias near the close of the trial. Several months later, the court received two letters from a juror, confirming the reports of potential bias and detailing the effect upon the jury and its deliberations. The defendant moved for a new trial based upon the newly discovered evidence contained in the letters. The district court denied the motion and this court affirmed, finding that the evidence was not newly discovered even though the details surrounding the juror misconduct were not revealed until months after trial. The court held that "[e]vidence known or discovered before the trial is over is not newly discovered." Id. at 336.
 
 
 15
 Here, as in McKinney, Painter knew of the "new evidence" before the trial was over. Even if Painter did not know the details of the story or the exact nature of the evidence before the trial was over as he claims, it would seem to us that McKinney clearly suggests that the new testimony in this case was not newly discovered evidence. After all McKinney did not know the exact nature of the evidence in his case, and the court still held that it was not newly discovered. Given the decision in McKinney, we certainly cannot say that the district judge abused his discretion in deciding that the testimony was not newly discovered evidence.
 
 
 16
 Our conclusion that the district court did not abuse its discretion in ruling that the evidence was not newly discovered eliminates the necessity of dealing with the issue of Painter's diligence. Thus we proceed to a discussion of the probability of Painter's acquittal with the "new evidence."
 
 II.
 
 17
 Painter insists that the "new evidence" would probably have resulted in an acquittal. The district court disagreed. The law compels us to agree with the district court.
 
 
 18
 Under the abuse of discretion standard, an appellate court must not simply substitute its judgment for that of the lower court. United States v. Egbuniwe, 969 F.2d 757, 761 (9th Cir.1992); United States v. BNS, Inc., 858 F.2d 456, 464 (9th Cir.1988). Indeed, this court has indicated that a reviewing court should not reverse "unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing ... the relevant factors." United States v. Plainbull, 957 F.2d 724, 725 (9th Cir.1992).
 
 
 19
 This case turns on the credibility of witnesses. If one believes Zalewski, Danielson, and Anderson, as the jury did, then Painter is guilty. If, on the other hand, one accepts the story of Painter's friends Cody Jones and Adams, then Painter is innocent. The district judge acknowledged the fact that the "new evidence" may have affected the weight the jury was willing to give to the testimony of Zalewski. However, the judge also indicated that he had "serious reservations" about the testimony of Cody Jones. After listening to two days of testimony at trial and hearing testimony at three hearings on the motion for new trial, the district court concluded that the evidence would probably not have resulted in an acquittal. We cannot reverse. We see no abuse of discretion and have no definite and firm conviction that the district court committed a clear error of judgment.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3