996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George R. Mike McCRAY, Defendant-Appellant.
 No. 92-10683.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George R. "Mike" McCray appeals pro se the district court's denial of his Fed.R.Crim.P. 33 motion for a new trial. McCray was convicted of conspiracy, attempting to interfere with the administration of internal revenue laws, mailing threatening communications and aiding and abetting, in violation of 18 U.S.C. §§ 2, 371, 876, and 26 U.S.C. § 7212(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion for a new trial. United States v. McKinney, 952 F.2d 333, 335 (9th Cir.1991). The district court's determination that it lacked jurisdiction to hear the motion is an issue of law, reviewed de novo. United States v. Walgren, 885 F.2d 1417, 1426 (9th Cir.1989).
 
 
 4
 Rule 33 requires that all motions for a new trial that are not based on newly discovered evidence must be brought within seven days of the verdict. Fed.R.Crim.P. 33; United States v. Lara-Hernandez, 588 F.2d 272, 274 (1978). This time limit is jurisdictional. Id. A motion for a new trial based on newly discovered evidence may be brought up to two years after a final judgment is entered. Fed.R.Crim.P. 33; Walgren, 885 F.2d at 1426. However, evidence that is "known or discovered before the trial is over is not newly discovered," and does not trigger the two-year time limit. McKinney, 952 F.2d at 336.
 
 
 5
 McCray moved for a new trial on the basis of newly discovered evidence. He challenged his conviction for one count of the indictment, mailing a threatening communication to a local justice of the peace. McCray alleged that a document introduced at trial was not a copy of the letter he sent, as purported by government witnesses, but instead was a fabrication. McCray argued that, because the prosecution had trouble locating the letter prior to trial, and because the document introduced at trial was marked with a receiving date two years after the justice reported receiving the letter, the document admitted at trial had been falsified by the prosecution, and government witnesses had lied about its authenticity.
 
 
 6
 The district court treated McCray's motion as one based on newly discovered evidence, and denied the motion as untimely or, in the alternative, denied the motion on the merits. As the government concedes, the district court erred by determining that the time period began to run when the district court entered judgment on January 15, 1988. Instead, the time limit began to run on September 24, 1990, when the Court of Appeals issued its mandate of affirmance. See United States v. Cook, 705 F.2d 350, 351 (9th Cir.1983). Therefore, McCray's motion for a new trial filed on November 1, 1991, was timely if it was based on newly discovered evidence.
 
 
 7
 The evidence on which McCray bases his motion for a new trial is the document introduced at trial, alleged to be a copy of the letter McCray sent to the justice. Because this evidence was admitted at trial, it was available to McCray before the trial was over. In his motion for a new trial, McCray admits that his counsel may have received this document during pre-trial discovery. In these circumstances, we find that the document does not constitute newly discovered evidence. See McKinney, 952 F.2d at 336. Because McCray's motion for a new trial is not based on newly discovered evidence, it is untimely. See Fed.R.Crim.P. 33; Lara-Hernandez, 588 F.2d at 274. Accordingly, the district court properly denied the motion.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court improperly determined that McCray's motion was based on newly discovered evidence, this Court may affirm the district court's decision on any ground supported by the record. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990)