43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge ROCA-SUAREZ, aka George Roca, aka Jorge Roca,
Defendant-Appellant.
 No. 93-50702.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1994.
Decided Dec. 12, 1994.
 
 Before: BROWNING, ALDISERT* and GOODWIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Roca Suarez appeals his convictions for conspiracy to manufacture cocaine, money-laundering and tax evasion. We affirm. (1). There was no government misconduct in his prosecution; 2). the newly-discovered evidence was merely impeaching; 3). the undisclosed juror note was harmless error; 4). the offense level was properly enhanced for leadership; and 5). the double jeopardy claim was waived.
 
 I.
 
 3
 After leaving his used-car business in Los Angeles in 1980 or 1981, Roca went to Bolivia to work for his uncle, a noted drug trafficker. After a few years, Roca struck out on his own. He made a deal with "Los Pablos," the late Pablo Escobar's drug trafficking organization. Roca would supply cocaine paste to them, and Los Pablos would convert it into cocaine hydrochloride, the powder form of cocaine. Los Pablos would then export the cocaine to the United States, where Roca would receive cash payment. Roca then "laundered" the money out of the U.S. back to Bolivia, where it was used to purchase more cocaine paste.
 
 
 4
 Roca's enterprise was uncovered by the combined efforts of United States Customs Officials, the Internal Revenue Service and the Drug Enforcement Agency ("DEA"). On February 5, 1993, he was convicted of the following: 1). conspiracy to manufacture cocaine, 21 U.S.C. 846, 841(a)(1); 2). conspiracy to evade taxes, 18 U.S.C. 371; 3). conspiracy to export currency, 18 U.S.C. 371; 4). tax evasion, 26 U.S.C. 7201; and 5). exportation of monetary instruments, 31 U.S.C. 5316(a)(1)(A), 5322(b).
 
 II.
 
 5
 Roca claims that the court should have dismissed the indictment against him because the DEA violated his due process rights by torturing Bolivians who were potential witnesses for the defense. He does not allege in what particulars one or more witnesses would have come forward with exculpatory evidence but were dissuaded by torture and the fear of reprisals.
 
 
 6
 We review the denial of a motion to dismiss an indictment for outrageous government conduct de novo. United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991). Because Roca has not alleged sufficient facts to show that anyone allegedly tortured would have been able to testify on his behalf, we affirm the denial of the motion to dismiss the indictment.
 
 III.
 
 7
 Roca next claims that his Bolivian attorney's disclosure of documents to the DEA violated the Sixth Amendment and prejudiced his ability to present a defense. During their investigation of Roca, the DEA apparently obtained documents from Roca's attorney in Bolivia. It now appears that the DEA's possession of most of the documents was non-prejudicial, because copies were turned over to the defense, Roca did not intend to use them at trial, and, in any event, they did not reveal trial strategy. Roca, however, claims that the DEA also obtained possession of an additional document, a land record proving that the 1.5 million dollars brought to the U.S. by Roca were the legitimate proceeds of his mother's sale of property in Bolivia.
 
 
 8
 Without more, even if true, governmental intrusion into the attorney-client relationship does not necessarily require dismissal of an indictment. In United States v. Morrison, 449 U.S. 361, 365 (1981), the Supreme Court said that, without prejudice to the defense, infringement of the Sixth Amendment does not require the proceedings to be halted or dismissed. The Court said, "absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate." Morrison, 449 U.S. at 365. We review de novo the court's denial of Roca's motion to dismiss for government interference with the attorney-client relationship. United States v. Hernandez, 937 F.2d 1490, 1493 (9th Cir.1991).
 
 
 9
 While Roca would certainly have suffered prejudice if the government had managed to obtain and then withhold from the defense a document containing exculpatory evidence, Roca provided nothing but speculation to suggest that such a document was ever taken, or that it ever existed. Even though the district court offered to let Roca prove the document's existence through other means, he never offered to do so. Nor did the two declarations he submitted in support of his claims of government misconduct refer specifically to this document. On this record, we cannot say that Roca reached a threshold showing of any prejudice through DEA interference.
 
 IV.
 
 10
 Roca's third claim is that he should receive a new trial based on newly discovered evidence that a government witness's employment application to the Los Angeles Police Department contained false statements, thus rendering her incredible as a witness. Denial of a motion for a new trial based on newly discovered evidence is reviewed for an abuse of discretion. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, sub nom. Gonzalez-Ramirez v. United States, --- U.S. ----, 113 S.Ct. 258 (1992); United States v. McKinney, 952 F.2d 333, 335 (9th Cir.1991).
 
 
 11
 Because the government does not dispute the defendant's diligence or the newness of the evidence, the sole question is whether this evidence is classic impeachment evidence, and consequently an insufficient basis for a new trial, or whether it is sufficiently material to qualify as an exception to the rule. See United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991) (newly discovered evidence warrants a new trial if: 1). the evidence was unknown to the defendant at the time of trial; 2). failure to discover evidence earlier was not due to defendant's lack of diligence; 3). the evidence is material; 4). the evidence is neither cumulative nor merely impeaching; and 5). the evidence would probably result in an acquittal.) Impeachment evidence will not usually require a new trial, unless it is sufficiently material to "refute an essential element of the government's case." United States v. Davis, 960 F.2d 820, 825 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992).
 
 
 12
 Because the evidence of the employment application was hardly of the kind that would destroy entirely Torres' credibility, and because additional evidence at trial corroborated her testimony, the district court did not abuse its discretion in denying Roca's motion for a new trial.
 
 V.
 
 13
 Roca next claims that his right to a fair trial was violated when the district court admittedly violated Federal Rule of Civil Procedure 43 by inadvertently failing to inform the parties of a juror note to the judge until after the trial. The note said that one of the jurors had referred to defense counsel as a "bitch."
 
 
 14
 Roca does not have a constitutional right to be present at every exchange between judge and juror. United States v. Gagnon, 470 U.S. 522, 526 (1985) (per curiam ); Rushen v. Spain, 464 U.S. 114, 125-126 (1983) (Stevens, J., concurring). Where the defendant's absence results in prejudice, however, a new trial may be warranted.
 
 
 15
 At post-trial hearings, the district court determined to its satisfaction that the juror in question was not biased. The court heard the juror who wrote the note say that the foul-mouthed juror apologized and did not repeat such comments; she also said that she remembered the judge addressing the note in court. The juror himself when questioned about another matter told the court he voted guilty solely upon the "overwhelming" evidence of Roca's guilt. Because no constitutionally infirm juror was allowed to sit, we hold that any irregularity in the district judge's handling of the note was harmless.
 
 VI.
 
 16
 Roca also claims that the evidence does not support the enhancement of his offense level by four levels for being an organizer or leader. He asserts that his family members were also leaders and organizers and that he himself was but an "independent contractor" in a loose association with other Bolivian drug traffickers.
 
 
 17
 Section 3B1.1(a) of the Sentencing Guidelines allows the court to increase the offense level by four points if it finds that the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive...." The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994). To justify the four-level increase, the government must prove the facts by a preponderance of the evidence. United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990), United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994).
 
 
 18
 If, as Roca states, the other members of his family were also leaders, the court could nonetheless properly find that he too was a leader or organizer. United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993), cert. denied, 115 S.Ct. 96 (1994); U.S.S.G. Sec. 3B1.1 Application Note 4. Similarly, being an "independent contractor" cannot change the trial testimony clearly showing that Roca himself led and organized large sections of his cocaine-producing enterprise.
 
 VII.
 
 19
 Roca's final claim is that double jeopardy requires vacation of his criminal conviction. We do not address this claim because Roca has waived it by not raising it in the trial court. He has made no showing that an exception to the rule is warranted. United States v. Lorenzo, 995 F.2d 1448, 1457 (9th Cir.1993) ("Failure to present a double jeopardy challenge constitutes a waiver of that claim.").
 
 
 20
 AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3