**UNITED STATES of America,**
**Respondent–Appellee,**

v.

**Edelmiro TAMEZ, Jr., Petitioner–**
**Appellant.**

No. 00–35127.

D.C. No. CV–98–00464–FLV,
CR–94–00249–FLV.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.\*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*

Edelmiro Tamez, Jr. appeals pro se the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence following his jury trial conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 2253. We

---

\*\*\* All outstanding motions are denied as moot.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

review de novo, *see United States v. Burrows,* 872 F.2d 915, 917 (9th Cir.1989); and we affirm.

Tamez contends that the district court erred by not granting him a new trial based on four items of allegedly newly discovered evidence. We conclude the district court did not err because the evidence regarding David Delfs and James MacLean was not newly discovered, *see United States v. Lockett,* 919 F.2d 585, 591–92 (9th Cir.1990) (stating that "newly available" evidence is not "newly discovered"); *United States v. McKinney,* 952 F.2d 333, 336 (9th Cir.1991) (concluding that evidence known or discovered before the trial is over is not newly discovered evidence), and the evidence regarding Mrs. Mariani and Hal Turner was merely impeachment evidence. *See United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir.1991).

Tamez next contends that he was denied the right to effective assistance of counsel because his trial attorney failed to call MacLean as a witness. We reject this contention because the district court did not err when it concluded that Tamez suffered no prejudice from his counsel's alleged deficiency. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1]

**AFFIRMED.**

---

1. All outstanding motions are denied.

