**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mario ESPINOZA, Defendant— Appellant.**

No. 03–50186.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 30, 2004.*

Decided April 16, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Jason A. Forge, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Philip A. DeMassa, Esq., San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

■ We review de novo Espinoza's challenge to his conviction based on an alleged *Brady* violation by the government.[1] Though subsequently embarrassed because Customs did not advise him of the previous seizure, the prosecutor was entirely innocent of any wrongdoing regarding the disclosure. The government did not violate the defendant's right to the information when Customs failed to find and disclose the record of the previous seizure, as that evidence was not exculpatory.[2] The inference that because the truck had been seized as part of an auto theft ring, it was likely to have contained the cocaine in the gas tank when Espinoza purchased the vehicle, is too weak to be exculpatory.[3] Even if we were to accord marginal exculpatory weight to the evidence, the district court correctly held that, in light of the substantial evidence against him, Espinoza has failed to show that there is a reasonable probability that the jury would not have acquitted him if the evidence of the seizure had been provided by the government.[4]

■ The district court did not abuse its discretion in denying Espinoza's motion for a new trial based on newly discovered evidence.[5] Because we affirm the district court's ruling on the *Brady* claim, the court did not abuse its discretion by finding that Espinoza failed to show that the evidence was material to the issues at trial, and that the evidence would probably result in an acquittal.[6] Also, the evidence

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Amlani*, 111 F.3d 705, 712 (9th Cir.1997).

2. *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

3. *See United States v. Zuno–Acre*, 44 F.3d 1420, 1426 (9th Cir.1995).

4. *United States v. Si*, 343 F.3d 1116, 1122 (9th Cir.2003).

5. *United States v. Sarno*, 73 F.3d 1470, 1507 (9th Cir.1995).

6. *Id.*

was not "newly discovered."[7] At trial, the defense knew about the previous seizure of the vehicle and the prosecutor did not.

AFFIRMED.

7. *See United States v. McKinney,* 952 F.2d 333, 335–36 (9th Cir.1991).