**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Pedro Alberto PARRA, Jr., Defendant—Appellant.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

United States of America,
Plaintiff—Appellee,

v.

Marco Antonio Enriquez–Hermosillo,
Defendant—Appellant.

No. 04–50454, 05–50132.

D.C. No. CR–03–00121–DT–01,
CR–03–00121–DT–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Dec. 14, 2005.

Becky S. Walker, Esq., Patrick R. Fitzgerald, Esq., Beong–Soo Kim, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Ronald O. Kaye, Esq., Kaye McLane & Bednarski, LLP, Pasadena, CA, Lorilee M. Gates, Esq., Criminal Defense Associates, Woodland Hills, CA, for Defendant–Appellant.

Before CANBY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Pedro Parra and Marco Enriquez–Hermosillo appeal their convictions for conspiracy to possess and possession of methamphetamine with the intent to distribute

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

it. *See* 21 U.S.C. §§ 846, 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

### I

■ The district court did not abuse its discretion when it denied the petitioners' request for a continuance because the denial did not prejudice them.[1] *See United States v. Mejia,* 69 F.3d 309, 314–15 (9th Cir.1995). The appellants sought the continuance to establish, through the phone records of Pulido, Gapo, and Parra, that Gapo entrapped Parra. The phone records of Gapo and Parra were available to the defense prior to trial, and the defense made use of them at trial. *See United States v. Zamora–Hernandez,* 222 F.3d 1046, 1049–50 (9th Cir.2000) (holding that defendant was not prejudiced by denial of a continuance when transcript he sought was ultimately available to impeach the government's witness at trial). Even if it is assumed that Pulido's phone records were not available to the defendants at trial,[2] Gapo's phone records were sufficient to impeach both Gapo's and Pulido's statements that Gapo's role was limited to introducing Parra to Pulido. Indeed, the best evidence in support of Parra's defense of entrapment was the sheer volume of Gapo's calls to Parra, which was presented to the jury. On cross-examination Gapo admitted that he called Parra forty-nine times and that he had been inaccurate when he stated on direct examination that he had talked to Parra only a few times. Records of additional calls from Pulido to Gapo or to Parra, without any indication of the content of those calls, would not have altered the jury's verdict. The jury was presented with ample evidence that Gapo was intimately involved in setting up the drug transaction and it heard evidence indicating that both Gapo and Pulido misrepresented Gapo's role when they testified. Records of additional calls of unknown content by Pulido would not have added anything significant to the defense.[3]

### II

The trial court did not abuse its discretion in denying the appellants' motion for a new trial. The motion was untimely for all grounds except newly discovered evidence, and the appellants did not offer or rely on any newly discovered evidence. *See United States v. McKinney,* 952 F.2d 333, 336 (9th Cir.1991); FED. R.CRIM. P. 33.

### III

■ We do not address Enriquez–Hermosillo's ineffective assistance of counsel claim on this direct appeal. This claim must be deferred to collateral review because the representation was not facially inadequate and the record is insufficiently developed to discern trial counsel's motives for (1) making an untimely severance mo-

---

1. Despite our affirmance, we do not condone the government's misstatements at the continuance hearing minimizing the role of the sub-informant Gapo. The extent of Gapo's participation, while not known to the prosecutor at the time of the continuance hearing, was well within the collective knowledge of the government. We similarly do not condone the apparent lack of meaningful supervision over the informant Pulido's use of Gapo in this operation.

2. Enriquez–Hermosillo's cross examination of Pulido indicates that at least one of the defendants either possessed or examined Pulido's phone records before the fourth day of trial.

3. The trial court did not abuse its discretion when it ruled that the phone records from other cases that Gapo and Pulido worked on were not sufficiently relevant in the absence of a finding in those cases that the defendants there were improperly induced or entrapped. *See United States v. Abonce–Barrera,* 257 F.3d 959, 969–70 (9th Cir.2001) (holding that evidence of other cases in which the informant had testified were not material to the defense of the case at hand).

tion despite the defendants' obviously inconsistent defenses, and (2) asserting an impermissible derivative entrapment defense.[4] *See Massaro v. United States,* 538 U.S. 500, 504–06, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir.2000); *United States v. Laughlin,* 933 F.2d 786, 788–89 (9th Cir.1991) (deferring an ineffective assistance of counsel claim to collateral review where the record "contains little more than generalized assertions of incompetency" and defense counsel "has had no opportunity to explain his actions").

The judgment of the district court is

AFFIRMED.

---

4. We also find no merit in Enriquez–Hermosillo's contention that the district court abused its discretion in denying his request, made during the trial, to relieve his counsel. Enriquez–Hermosillo articulated no sufficient ground for such relief, and the record discloses none.

