MEMORANDUM ***
Antonio Ibarra-Lemus appeals his conviction in the District Court for the Eastern District of California for aiding and abetting, conspiracy, and possession of methamphetamine with intent to distribute. Ibarra-Lemus argues that the District Court abused its discretion in denying his motion for a new trial on the grounds of newly discovered evidence and erred in denying his motion for release on bail pending appeal. Because the District Court neither abused its discretion nor erred in denying Ibarra-Lemus’s motions, we will affirm.[1]
I.
Ibai’ra-Lemus argues that he should have been granted a new trial on the grounds of newly discovered evidence. To prevail on a motion for new trial based upon newly discovered evidence, Ibarra-Lemus must show: “(1) the evidence is newly discovered; (2) failure to discover the evidence sooner was not due to lack of diligence; (3) the evidence was material to trial issues; (4) the evidence was not cumulative or merely impeaching; and (5) a new trial, if granted, would probably result in acquittal.” United States v. George, 420 F.3d 991, 1000 (9th Cir.2005).
The evidence — post-trial statements by Jose Luis Lira Ibarra (“Lira”) that Ibarra — Lemus had no knowledge of the sale of methamphetamine — was not newly discovered. Lira, who arranged the methamphetamine sale between the informant and *78 Ibarra-Lemus, was charged as a co-defendant. Ibarra-Lemus knew that Lira was a source of information because his attorney contacted Lira on two occasions prior to Ibarra-Lemus’s trial. On both occasions, however, Lira refused to be interviewed. Thus Lira’s statement, made almost a year after Ibarra-Lemus’s trial and conviction, cannot be considered newly discovered evidence. See United States v. McKinney, 952 F.2d 333, 336 (9th Cir.1991) (“Evidence known or discovered before the trial is over is not newly discovered.”); see also United States v. Joelson, 7 F.3d 174, 179 (9th Cir.1993) (holding that a post-trial declaration was not “newly discovered” evidence since defense counsel spoke to the declarant before trial but decided not to call her); United States v. Diggs, 649 F.2d 731, 740 (9th Cir.1981) (“[W]hen a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not newly discovered.”). Accordingly, the District Court did not abuse its discretion by denying Ibarra-Lemus’s motion for a new trial.
II.
Ibarra-Lemus argues that he should have been granted release on bail while his appeal was pending. A defendant may be released on bail pending appeal if a judicial officer finds “by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released”; that the appeal “is not for the purpose of delay”; and that the appeal “raises a substantial question of law or fact,” that is likely to result, inter alia, in reversal or an order for a new trial. 18 U.S.C. § 3143(b). In addition, it must be “clearly shown that there are exceptional reasons why such person’s detention would not be appropriate.” 18 U.S.C. § 3145.
Ibarra-Lemus has offered no exceptional reasons to explain why his detention pending appeal was not appropriate. His claim that his behavior was an aberration is insufficient. Accordingly, the District Court did not err in denying Ibarra-Lemus’s motion for release pending appeal.
III.
For the reasons set forth above, the District Court’s orders denying Ibarra-Lemus’s motions for a new trial and for release pending appeal are
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.