**NOT FOR PUBLICATION**

OCT 16 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff - Appellee,<br><br>v.<br><br>RENE ANTONIO MENDEZ,<br><br>           Defendant - Appellant. | No. 14-50255<br><br>D.C. No. 3:13-cr-01965-AJB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted September 3, 2015
Pasadena, California

Before:  GRABER and WATFORD, Circuit Judges, and TUNHEIM, Chief District Judge.[**]

Rene Antonio Mendez ("Mendez") was arrested trying to enter the United

States on May 4, 2013.  Following a jury trial, Mendez was convicted on

December 17, 2013, of attempting reentry into the United States as a removed alien,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

in violation of 8 U.S.C. § 1326(a), (b). Mendez appeals his conviction on several grounds. Because the parties are familiar with the facts and procedural history of the case, we need not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

## I

The district court's decision not to let Mendez's Spanish-language expert, Mark Owens, testify did not violate Mendez's constitutional right to present a defense. While Mendez was entitled to present a complete defense, *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010), and "exploit weaknesses in the prosecution's case," *United States v. Hernandez-Meza*, 720 F.3d 760, 765 (9th Cir. 2013), he was still able to present the same points that Owens might have asserted on the stand through cross-examination, other testimony, and his attorney's arguments at closing. Additionally, the district court did not abuse its discretion in excluding Owens's testimony under Federal Rule of Evidence 702. As in *United States v. Redlightning*, here the expert's proposed testimony did not reflect the facts of the case (i.e., Owens's testimony did not reflect the fact that all relevant testimony showed that Mendez spoke in English at the border), and was therefore properly excluded. 624 F.3d 1090, 1111 (9th Cir. 2010) ("Here, [the defendant] did not sufficiently show how [the expert's] testimony would have applied to the facts

2

of his case."). At a minimum, Mendez has not shown that the exclusion of Owens's testimony "materially affect[ed] the verdict." *United States v. Cohen*, 510 F.3d 1114, 1127 (9th Cir. 2007) (internal quotation marks omitted).

## II

We conclude that the district court did abuse its discretion, however, when it denied Mendez's motion for a new trial based on the discovery of evidence that Mendez had espoused the delusion that he worked for the Drug Enforcement Administration ("DEA") in 2005. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). When considering a new trial motion, courts look to five factors:

> (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.

*United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005).

Here the only factors that are at issue are the first, second, and fifth. We conclude that the evidence was newly discovered and that Mendez and his attorney acted with due diligence. Mendez and his attorney did not have access to the reports and records from his 2005 arrest prior to the trial. *United States v.*

3

*McKinney*, 952 F.2d 333, 335 (9th Cir. 1991). Even if Mendez remembered talking to law enforcement about his DEA delusion in 2005, there is no indication he knew that the detailed reports existed. Additionally, that lack of access was not the result of failure to act with diligence. Mendez's attorney took significant steps to investigate Mendez's past, requiring an attorney to obtain every report and document in a defendant's past would make the due diligence requirement impossible to meet.

Finally, we conclude that the new evidence indicates that a new trial would probably result in acquittal. The government had to show that Mendez "had the conscious desire to reenter the United States without consent." Mendez's defense was that no conscious desire existed, because he believed he had consent due to his delusion of working for the DEA. The crux of the government's response was that the delusion was fabricated because it had only arisen in response to this charge. This new evidence, however, strongly suggests that Mendez had been harboring the delusion of working for the DEA since 2005, long before his 2013 arrest in the present case. As a result, the new evidence would have significantly bolstered Mendez's defense and directly rebutted the government's primary response. A new trial, with the benefit of that evidence, would probably result in acquittal. Consequently, we will reverse and remand on this issue.

III

Because we reverse the district court's decision not to grant a new trial and remand, we need not reach Mendez's appeal of the district court's sentencing decision.


**REVERSED and REMANDED.**